IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| MARY L. SPRINGER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-0003-O-BP |
| | § | |
| COMMISSIONER OF | § | |
| SOCIAL SECURITY, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Mary L. Springer ("Springer") applied for Title II Disability Insurance Benefits ("DIB") under the Social Security Act ("SSA"). The Commissioner denied her application, deciding that she was not disabled. Springer appealed. At issue is whether the Commissioner applied the correct legal standards and whether substantial evidence supports the final decision. Finding that substantial evidence does not support the decision, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **REVERSE** and **REMAND** this action for further proceedings.

**I.     BACKGROUND**

Fifty-nine-year-old Springer seeks disability benefits under Title II of the SSA, claiming disability status since October 21, 2019. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 8-1 at 64. Springer claims that she suffers from major depressive disorder; generalized anxiety disorder; asthma, thyroid impairment, degenerative disc disease; disc protrusion in the back; neck problem; right knee problem; right shoulder problem; and migraine headaches. Tr. 66-67. The Commissioner decided that she was not disabled and denied her application initially and upon

reconsideration. Tr. 90, 97. Springer requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 100-01), who conducted the hearing (Tr. 31-62) and affirmed the Commissioner's denial in a twenty-two-page decision. Tr. 9-30. After the Appeals Council denied review (Tr. 1-6), Springer filed this civil action seeking judicial review under 42 U.S.C. §§ 405(g) and 416(g). *See* ECF No. 1; *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) (citing 20 C.F.R. § 416.1400(a)(5)) ("[T]he Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review."). Springer argues that substantial evidence does not support the ALJ's residual functional capacity ("RFC") determination. ECF No. 12 at 5.

## II.     STANDARD OF REVIEW

Title II of the SSA, 42 U.S.C. §§ 401-434, governs the disability insurance program. A person is disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. § 404.1520.

First, the claimant must not be presently doing any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's RFC and considers

her past relevant work ("PRW"). *See id.* § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations," *id.* § 404.1545(a)(1), while PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to her PRW considering her RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing that she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no

credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (alteration in original) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

**III.   ANALYSIS**

The Commissioner, acting through the ALJ, completed the five-step evaluation process here. *See* Tr. 15-24. First, the ALJ found that Springer had not engaged in substantial gainful activity since October 21, 2019. *Id.* at 15. Second, he found two medically severe impairments: status-post traumatic right knee patellar fracture and subsequent reconstruction of patellar tendon *Id.* at 16. Third, he identified no impairment or combination of impairments that qualified under the federal regulatory list. *Id.* at 19. He then assessed Springer's RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the [RFC] to perform light work defined as in 20 C.F.R. [§§] 404.1567(b).

Tr. 20. Using this RFC determination and after hearing testimony from a vocational expert ("VE"), the ALJ determined at step four that Springer could perform PRW, specifically as an Assistant Manager (Fast Food) and Cashier. *Id.* at 24. The step four finding meant that Springer was ineligible for DIB because she was not disabled, a finding that terminated the ALJ's evaluation. *Id.*; *see Lovelace*, 813 F.2d at 58. Springer urges reversal because the ALJ provided insufficient medical evidence to support his RFC evaluation.

### A.     Ambiguity in the ALJ's decision warrants reversal for clarification.

Springer contends that the absence from the RFC finding of "additional environmental restrictions to account for the Albuterol use" contradicted these same comments that the ALJ addressed in his decision. ECF No. 12 at 12. The ALJ stated in his decision that he did add those necessary limitations to Springer's RFC. Tr. 20, 23-24. Springer asserts that this inconsistency in the ALJ's decision makes it too unclear for the Court to review in a meaningful manner. The Commissioner did not respond to this issue in his brief. *See* ECF No. 13.

"The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). "Reviewing courts do not consider rationales supporting an ALJ's decision that are not invoked by the ALJ." *Bragg v. Comm'r of Soc. Sec. Admin.*, 567 F. Supp. 2d 893, 907 (N.D. Tex. 2008). "If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery*, 332 U.S. 194, 196-97 (1947). Springer asserts that there is an internal inconsistency between the ALJ's RFC finding, which is less protective of Plaintiff, and the text of his decision relative to her functional limitations.

This ambiguity warrants remand for clarification because it precludes the Court from conducting meaningful review. *See Charles R. v. Berryhill,* No. 3:17-cv-721-BN, 2018 WL 4075725 at 4 (N.D. Tex. Aug. 27, 2018); *Williams v. Colvin*, No. 3:15-cv-1110-BF, 2016 WL 4800441, at *3 (N.D. Tex. Sept. 13, 2016) (holding that the *Chenery* doctrine required remand for clarification due to an apparent inconsistency between the RFC finding and the ALJ's reasons for rejecting a particular medical opinion); *Martinez v. Astrue*, No. 2:10-cv-102, 2011 WL 4128837, at *7 (N.D. Tex. Sept. 9, 2011) (remanding where the ALJ's finding that the plaintiff had a

"severe" impairment as a result of surgical reattachment of fingers was facially at odds with his RFC finding that included no manipulative limitations); *Bagwell v. Barnhart*, 338 F. Supp. 2d 723, 735 (S.D. Tex. 2004) (holding that the court can "scarcely perform its assigned review function" when the ALJ fails to reconcile apparent inconsistencies in the decision that may affect the RFC finding).

The Court must know what an ALJ's decision means before it can say whether the ALJ applied correct legal standards and whether substantial evidence supports the decision. Here the ALJ did not explain the inconsistency between his RFC determination that placed no limitations on Springer's ability to perform light work and his decision that stated the need for a limitation for environmental restrictions to account for Springer's Albuterol use due to asthma. Tr. 20, 23-24. The undersigned finds that substantial evidence thus does not support the Commissioner's decision, and Judge O'Connor should reverse and remand it so that the ALJ may clarify this conflict.

> **B.    Reversal and remand are necessary because substantial evidence does not support the ALJ's RFC determination.**

Springer contends that substantial evidence does not support the ALJ's formulation of her RFC because the ALJ did not provide a function-by-function analysis of her capacity to perform sustained work-related physical activities and develop the record to show that she can perform all the functions of light work. ECF No. 12 at 9, 13-14. Springer argues that either the ALJ or the State Agency Medical Consultants ("SAMCs") must complete a function-by function analysis, including the seven strength demands under SSR 96-8, and that the failure to do so here constitutes reversible error. *Id.* at 11-13. The Commissioner responds that the ALJ considered all of the evidence and sufficiently determined that Springer was capable of light work. ECF No. 13 at 4-5.

In making an RFC determination, the ALJ must perform a function-by-function assessment of the claimant's capacity to perform sustained work-related physical and mental activities "based upon all of the relevant evidence" and consider "both exertional and nonexertional factors." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001) (citing SSR 96-8P, 1996 WL 374184, at *3–*6 S.S.A. July 2, 1996)). Exertional factors involve seven strength demands: sitting, standing, walking, lifting, carrying, pushing, and pulling. SSR 96-8P, 1996 WL 374184, at *5. Non-exertional factors include "all work-related limitations that do not depend on an individual's physical strength," such as postural and manipulative limitations. *Id.* at *6. "[W]ithout the initial function-by-function assessment of the individual's physical and mental capacities, it may not be possible to determine whether the individual is able to do past relevant work" at step four or perform other "types of work" at step five. *Id.* at *3-*4 *accord Myers*, 238 F.3d at 620. Even if the ALJ fails to conduct a function-by-function analysis, he can satisfy this requirement if he bases his RFC assessment on a SAMC's report containing a function-by-function analysis. *Beck v. Barnhart*, 205 F. App'x 207, 213–14 (5th Cir. 2006) (per curiam).

Here, the ALJ determined that Springer had the RFC to perform light work, but did not conduct a function-by-function analysis of her physical work-related activities in accordance with SSR 96-8p. Both SAMCs found Springer not to be disabled, but they did not include a functional analysis. Tr. 69, 82. The ALJ did not request a consultative examination to fill this gap. Although ordering a consultative examination is not mandatory, an ALJ may order one to address inconsistencies in the record or where a fully developed record is lacking. *Kane v. Heckler,* 731 F.2d 1216, 1219-20 (5th Cir. 1984) ("we may purchase a consultative examination…when the evidence as a whole is insufficient to allow [the court] to make a determination on [a] claim."). The ALJ opted not to order one here, which was his right. However, because neither the ALJ nor

7

the SAMCs included a functional analysis in their reports, the ALJ did not satisfy the requirements of *Myers* and SSR 96-8 to show that substantial evidence supports his decision. *Cf. Onishea v. Barnhart*, 116 F. App'x. 1 (5th Cir. 2004) (finding that an RFC assessment, based in part on a SAMC's function-by-function analysis of the claimant's exertional limitations, satisfied the legal standard set forth in *Myers* and SSR 96–8p); *Chavira v. Astrue*, No. 11-CV-00262, 2012 WL 948743, at *9, 23 (S.D. Tex. Feb. 29, 2012) (finding that the ALJ's conclusion that the claimant could perform sedentary work satisfied SSR 96–8p where the ALJ evaluated the RFC of an SAMC who determined that the claimant was able to perform light work).

The ALJ erred by not conducting a function-by-function analysis, or relying on a SAMC's functional analysis, to determine Springer's RFC. *Leggett*, 67 F.3d at 564. Because the ALJ did not fully develop the record to adequately build an "accurate and logical bridge between the evidence and the final determination" Judge O'Connor should reverse and remand the case on this point. *See Price v. Astrue,* 401 F. App'x 985, 986 (5th Cir. 2010).

IV.     **CONCLUSION**

There is ambiguity in the ALJ's decision between the RFC which placed no limitations on Springer's ability to perform light work and the text of the decision that states the need for an environmental limitation due to her asthma and need to use an Albuterol inhaler. Further, the ALJ did not make the necessary function-by-function needed to properly make the RFC determination, nor did the SAMCs upon whose work the ALJ relied. As a result, substantial evidence in the record does not support the ALJ's findings regarding Springer's RFC. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **REVERSE** and **REMAND** this action for further proceedings.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 11, 2023.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE